No. 76,336

STATE OF KANSAS, *Appellee*, v. GREGORY E. WARE, *Appellant.*
(938 P.2d 197)

Opinion filed April 18, 1997.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Gregory E. Ware pled guilty to felony murder and aggravated robbery, for which he received consecutive sentences of life and 49 months, respectively. His sole issue on appeal is a claim that the district court abused its discretion in running the sentences consecutively.

The facts relative to the crimes may be summarized as follows: On October 12, 1994, defendant paid $165 in rent to his 80-year-old landlady, Ms. Jamie Lewis. The following morning, he returned

to Ms. Lewis' home to rob her. He strangled her, stole the $165 from her purse, and spent the money on cocaine. Later on the same day, defendant turned himself in to law enforcement officers, apprising the officers of the murder, which had not been discovered.

On January 22, 1996, defendant pled guilty to felony murder (K.S.A. 21-3401[b]), an off-grid crime (K.S.A. 1996 Supp. 21-4706[c]), and to aggravated robbery, a severity level 3, person felony (K.S.A. 21-3427). In exchange for his guilty plea, the State agreed that, even though it would recommend consecutive sentences, it would not oppose defendant's request for concurrent sentences. After careful inquiry of the defendant, the district court found that the plea was entered into freely, voluntarily, and knowingly, and pronounced defendant guilty of felony murder and aggravated robbery.

On February 28, 1996, defendant appeared for sentencing. No departure was requested, discussed, or granted. Life is the only sentence of imprisonment for felony murder. K.S.A. 1996 Supp. 21-4706(c). On the aggravated robbery, the 49 months term of imprisonment is mid-range (51-49-46) for a severity level 3, category I offense.

K.S.A. 21-4721 provides:

"(e) In any appeal, the appellate court may review a claim that:
(1) A sentence that departs from the presumptive sentence resulted from partiality, prejudice, oppression or corrupt motive;
(2) the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes; or
(3) the sentencing court erred in ranking the crime severity level of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

Defendant makes no claim of error on any of the grounds set forth in this statute. Rather, the sole issue raised is abuse of judicial discretion in imposing the sentences consecutively.

We shall first consider the State's contention that this court lacks jurisdiction to entertain this appeal. As the State notes, this precise jurisdictional question has been previously decided by the Court of Appeals in *State v. McCallum*, 21 Kan. App. 2d 40, 895 P.2d

1258, *rev. denied* 258 Kan. 861 (1995), and in *State v. Peal*, 20 Kan. App. 2d 816, 893 P.2d 258, *rev. denied* 257 Kan. 1095 (1995), wherein the court held that the discretionary imposition of consecutive sentences is not an appealable issue. Defendant contends these two cases were wrongly decided. We disagree.

K.S.A. 22-3602(e) provides:

"For crimes committed on or after July 1, 1993, an appeal by the prosecution or the defendant relating to sentences imposed pursuant to a presumptive sentencing guidelines system as provided in K.S.A. 21-4701 *et seq.* and amendments thereto, shall be as provided in K.S.A. 21-4721 and amendments thereto."

The crimes herein were committed after July 1, 1993, and relate to sentences imposed under the Kansas Sentencing Guidelines Act (K.S.A. 21-4701 *et seq.*). The appeal herein is solely from the district court's discretionary decision to run the sentences consecutively as authorized by K.S.A. 1996 Supp. 21-4720(b). There is no claim that the requirements and limitations relative to the imposition of consecutive sentences set forth in said statute are applicable. There is no claim that the sentences imposed herein are, or the sentencing procedure is, in any respect, illegal. Therefore, pursuant to K.S.A. 22-3602(e) if this issue before us is an appealable issue, authority therefor must be found in K.S.A. 21-4721. This statute is set forth in its entirety as follows:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

"(b) Pending review of the sentence, the sentencing court or the appellate court may order the defendant confined or placed on conditional release, including bond.

"(c) On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review:

(1) Any sentence that is within the presumptive sentence for the crime; or

(2) any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record.

"(d) In any appeal from a judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the sentencing grid for a crime, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure:

(1) Are supported by the evidence in the record; and

(2) constitute substantial and compelling reasons for departure.

"(e) In any appeal; the appellate court may review a claim that:

(1) A sentence that departs from the presumptive sentence resulting from partiality, prejudice, oppression or corrupt motive;

(2) the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes; or

(3) the sentencing court erred in ranking the crime severity level of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes.

"(f) The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing.

"(g) The appellate court shall issue a written opinion whenever the judgment of the sentencing court is reversed. The court may issue a written opinion in any other case when it is believed that a written opinion will provide guidance to sentencing judges and others in implementing the sentencing guidelines adopted by the Kansas sentencing commission. The appellate courts may provide by rule for summary disposition of cases arising under this section when no substantial question is presented by the appeal.

"(h) A review under summary disposition shall be made solely upon the record that was before the sentencing court. Written briefs shall not be required unless ordered by the appellate court and the review and decision shall be made in an expedited manner according to rules adopted by the supreme court.

"(i) The sentencing court shall retain authority irrespective of any notice of appeal for 90 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

As previously noted, there is no claim that (e) applies, that is, that the sentence resulted from partiality, prejudice, oppression, or corrupt motive, or that there was any error in computing defendant's criminal history scoring or the crime severity level. The sentences herein are not claimed to be violative of the presumptive sentence for the particular crime. Thus, subsection (c)(1) would bar the appeal unless the running of the sentences consecutively constitutes the imposition of departure sentences.

In determining this identical claim in *State v. Peal*, 20 Kan. App. 2d at 822-23, the Court of Appeals held:

"Whether the decision to impose consecutive sentences can be appealed depends on whether that decision was the result of one of the grounds specified in K.S.A. 1993 Supp. 21-4721. Defendant does not allege that the imposition of consecutive sentences was the result of partiality, prejudice, oppression, or corrupt motive. Nor does he maintain there was an error in the criminal history score or

the severity level of the current crimes of conviction. The grounds for appeal set forth in K.S.A. 1993 Supp. 21-4721(e) are not applicable in this case. Therefore, defendant can maintain this appeal only if imposing consecutive sentences constitutes a 'departure sentence.' K.S.A. 1993 Supp. 21-4721(a).

"A departure is defined in K.S.A. 1993 Supp. 21-4703(g) as 'a sentence which is inconsistent with the presumptive sentence for an offender.' There are two types of departure under the KSGA: a dispositional departure (see K.S.A. 1993 Supp. 21-4703[h]) and a durational departure (see K.S.A. 1993 Supp. 21-4703[j]). The term 'presumptive sentence,' as that term is defined in K.S.A. 1993 Supp. 21-4703(r), contemplates a sentence which complies with the dispositional and durational mandates of the appropriate grid block. A grid block provides no mandate regarding whether a sentence should be run concurrently or consecutively. Therefore, a consecutive sentence is not in and of itself inconsistent with the presumptive sentence and is not a departure. Only if the sentence imposed is inconsistent with the duration and disposition of the appropriate grid block can there be a departure. See Kansas Sentencing Guidelines Act Implementation Manual, p. 4-17 (1992) ('In contrast to departure sentences, consecutive nondeparture sentences are *not* appealable.' [Emphasis in original.]).

"In this case, the sentence imposed is not inconsistent with the presumptive sentence and, therefore, is not a departure sentence as that term is used in K.S.A. 1993 Supp. 21-4721(a). Thus, defendant's allegation that the district court abused its discretion by imposing consecutive sentences is not one of the grounds specified in K.S.A. 1993 Supp. 21-4721 for appealing a sentence. Simply put, the issue raised by defendant is not an appealable issue.

"In *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), this court wrote that the provisions of K.S.A. 1993 Supp. 21-4721(c)(1) were 'adopted by the legislature to foreclose the type of appeals which had previously been lodged under the former statutory scheme alleging that the sentencing court abused its discretion.' The holding in this case is consistent with the legislature's intent to foreclose such appeals."

We agree therewith. The imposition of consecutive sentences is not inconsistent with presumptive sentences and does not constitute the imposition of a departure sentence. The issue raised by the defendant is not an appealable issue. Accordingly, the appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.