No. 119,265

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL B. YOUNG,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether jurisdiction exists is a question of law over which an appellate court's review is unlimited.

2.

Our appellate courts do not have discretionary power to entertain appeals from all district court orders. To the contrary, the right to appeal is entirely statutory. It is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by our statutes.

3.

K.S.A. 2018 Supp. 21-6820(c)(1) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is within the presumptive guidelines sentence for the crime.

4.

Under K.S.A. 2018 Supp. 21-6606(c), when a defendant commits a crime while on probation for a previous felony conviction, the defendant's sentence is required to run consecutive to other sentences by operation of law.

5.

As a general principle, the imposition of consecutive presumptive guideline sentences does not constitute a departure. Our appellate courts lack the jurisdiction to entertain challenges to the imposition of consecutive guideline sentences.

6.

When a defendant is on probation at the time the defendant commits another crime, K.S.A. 2018 Supp. 21-6606(c), which is part of our general sentencing statutes, requires the court to order that the current sentence be served consecutively to the sentence in the defendant's prior case. But under K.S.A. 2018 Supp. 21-6819(a), which is part of our sentencing guidelines, the consecutive sentence called for in K.S.A. 2018 Supp. 21-6606(c) is not required if the imposition of such a sentence would be manifestly unjust.

7.

If the district court considers whether a consecutive sentence would be manifestly unjust and determines, consistent with a provision in our sentencing guidelines, K.S.A. 2018 Supp. 21-6819(a), that it would not; and if the district court then imposes a guideline sentence to be served following completion of the defendant's prior sentence, as required by K.S.A. 2018 Supp. 21-6606(c), the district court has not departed from our sentencing guidelines. Accordingly, an appellate court has no jurisdiction to consider the defendant's appeal from the imposition of consecutive presumptive sentences under the Kansas Sentencing Guidelines Act. See K.S.A. 2018 Supp. 21-6801 et seq.

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed May 17, 2019. Appeal dismissed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

MCANANY, J.:  In 1999, Paul B. Young was convicted of aggravated indecent liberties with a child under 14 years of age. As a result of this conviction, he was required to register for his lifetime under the Kansas Offender Registration Act, K.S.A. 2018 Supp. 22-4901 et seq. (KORA).

In 2010, Young pled guilty to two KORA violations. Then, in 2016, Young pled guilty to his third KORA violation.

On July 31, 2017, the State charged Young with his fourth KORA violation. Young was still on probation from his third KORA violation at the time of this fourth violation. The underlying sentence for his third KORA violation was a mitigated 61-month guideline prison sentence.

At a hearing on October 19, 2017, Young appeared with his attorney and waived his right to a preliminary hearing. He had no plea agreement with the State. Nevertheless, he informed the court that he wished to plead guilty. Before the hearing Young had signed an acknowledgment of his rights in which he stated that he understood that upon conviction of a fourth KORA violation the sentence the court could impose ranged from 55 to 247 months. The district court informed Young of his rights and his potential sentence and inquired if he understood those rights. Young had no questions about his

rights and the consequences for entering a plea and expressed the desire to enter a guilty plea. He stated that the State's charging document was correct, and he agreed there was a factual basis for the charge. The district court found that Young "knowingly, intelligently, freely, and voluntarily waived his rights," accepted Young's plea, found him guilty as charged, and ordered a presentence investigation.

Before sentencing Young moved for a downward durational departure.

On December 7, 2017, the court held a combined hearing on Young's probation violation and for sentencing on his fourth KORA conviction. Young admitted to six probation violations in his prior case. The State recommended that Young's probation be revoked and that he serve his underlying prison sentence of 61 months.

Young agreed with his criminal history as reported to the court and agreed that his criminal history score was D. Based on that score, the sentencing grid range for his fourth KORA violation was 89-94-100 months.

Young's counsel argued that there were substantial and compelling reasons for the court to depart from the guidelines and impose a sentence of 36 months to be served concurrently with his 61-month sentence in his prior case. He argued that it would be manifestly unjust to do otherwise because the current conviction arose from an 11-day delay in registering after moving to a new address, that Young was otherwise in compliance with his registration requirements, and that Young took responsibility for his actions. He also addressed the probation violations related to Young's KORA violation conviction.

The State requested that the court impose the low number guideline sentence of 89 months but argued that Young's sentence should be served consecutively to his 61-month

prison sentence in the prior case in which he violated probation because it would not be manifestly unjust to do so.

The district court declined to depart, finding that there were no substantial and compelling reasons to grant a departure from the guideline sentence for Young's current KORA offense. But the court imposed the "lowest minimum sentence" of 89 months in the custody of the Secretary of Corrections. In a separate hearing, the court ordered Young to serve his underlying prison sentence in the case in which he violated probation.

Young's appeal brings the matter before us.

Young contends on appeal that the district court abused its discretion in failing to find that manifest injustice would occur by allowing his sentence for his KORA violation to run consecutive to his sentence in his prior criminal case. He argues that it is unreasonable to imprison him for over a decade "on account of [his] inability to comply with filing deadlines." On the other hand, the State contends that we are without jurisdiction to consider this issue because Young's sentence was within the presumptive range.

Whether jurisdiction exists is a question of law over which our review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). We do not have discretionary power to entertain appeals from all district court orders. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010). To the contrary, the right to appeal is entirely statutory. It is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by our statutes. *Smith*, 304 Kan. at 919; *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008).

5

K.S.A. 2018 Supp. 21-6820(c) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is (1) within the presumptive guidelines sentence for the crime or (2) the result of a plea agreement between the State and the defendant which the trial court approved on the record. *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences).

Here, Young was convicted of a KORA violation, a severity level 3 person felony. K.S.A. 2018 Supp. 22-4903(a), (c)(1)(C); K.S.A. 2018 Supp. 22-4905(g). Because his crime was committed while on probation for a previous felony conviction, his sentence was required to run consecutive to other sentences by operation of law. K.S.A. 2018 Supp. 21-6606(c).

But Young argues that he is not appealing his presumptive sentences in either this case or in his probation revocation case. To the contrary, and relying on *State v. Rose*, No. 90,111, 2004 WL 117358, at *1 (Kan. App. 2004) (unpublished opinion), Young argues that he is challenging the court's decision not to make a special finding that would result in concurrent sentences in these two cases. He also relies on our Supreme Court's holding in *State v. Ross*, 295 Kan. 1126, 289 P.3d 76 (2012). The State does not discuss either of these cases in its appellate brief.

In *Rose*, an appeal brought by the State, the defendant was convicted of aggravated burglary, burglary, and felony theft. Sentences for these crimes are included in the Kansas Sentencing Guidelines sentencing grid. At the time Rose committed these crimes he was on parole for a 1991 robbery conviction, which carried a preguidelines indeterminate sentence of up to 20 years. Upon Rose's current convictions, the district court "found that there was uncertainty regarding the length of sentence Rose would serve if his sentences were imposed consecutive to the previous sentence, as required under K.S.A. 21-4608. Consequently, the trial court ordered concurrent sentences, finding that 'to run the cases consecutive would constitute manifest injustice.'" 2004 WL

117358, at *1. On appeal, the State contended the appellate court had jurisdiction to consider whether the district court abused its discretion in finding manifest injustice to support the imposition of concurrent rather than consecutive sentences. The court determined it had jurisdiction to consider the State's appeal because it was on a question reserved regarding a statute that had not previously been interpreted by the court.

The *Rose* court noted the holding in *State v. Ware*, 262 Kan. 180, 181-82, 938 P.2d 197 (1997), that the discretionary imposition of consecutive sentences is not an appealable issue. Ware had been convicted of felony murder, an off-grid crime, and aggravated robbery, an on-grid crime.

> "The *Ware* court reviewed K.S.A. 21-4721(c)(1), which prevents the appellate court from reviewing any sentence that is within the presumptive sentence for the crime, and found that '"[a] grid block provides no mandate regarding whether a sentence should be run concurrently or consecutively. Therefore, a consecutive sentence is not in and of itself inconsistent with the presumptive sentence and is not a departure."' 262 Kan. at 184. As a result, the court held that it did not have jurisdiction over the appeal of the discretionary order of consecutive sentences. 262 Kan. at 184." *Rose*, 2004 WL 117358, at *2.

But the *Rose* court distinguished *Ware*:

> "Here, K.S.A. 21-4608 applies because Rose was convicted in this case while he was already on parole from a previous conviction. According to K.S.A. 21-4608(c), any person convicted and sentenced for a crime committed while that person was on parole for a felony shall serve the sentence consecutive to the terms for which the person was under parole. Nevertheless, the exception to this rule is found in K.S.A. 2002 Supp. 21-4720(a), which states that the mandatory consecutive sentence provisions of K.S.A. 21-4608(c) shall not apply if such application would result in manifest injustice. In this case, the only discretion the district court had was in deciding whether manifest injustice

7

would result in the otherwise mandatory consecutive sentences, not in deciding whether to order consecutive or concurrent sentences." *Rose*, 2004 WL 117358, at *2.

In *Ross*, another case Young relies on, the defendant argued that the district court abused its discretion in denying his request to have his sentence for felony murder (an off-grid sentence) run concurrent with his sentence for kidnapping (an on-grid crime). In considering the jurisdiction issue, the *Ross* court noted its prior decisions in *Ware* and in *State v. Flores*, 268 Kan. 657, 999 P.2d 919 (2000). The *Ross* court noted that in *Ware* "[t]his court did not reach the merits of Ware's argument because we assumed that Ware had received a 'presumptive sentence' as contemplated in K.S.A. 21-4721(c)(1) and, thus, we were statutorily prevented from reviewing his sentence." *Ross*, 295 Kan. at 1136.

The *Ross* court also noted that in *Flores*, "[b]ased on *Ware*, we dismissed Flores' appeal for lack of jurisdiction because we again assumed that Flores had received a presumptive sentence within the meaning of K.S.A. 21-4721(c)(1) and that the imposition of consecutive sentences did not constitute a departure sentence, which is reviewable under K.S.A. 21-4721(e)(1)." 295 Kan. at 1136-37.

The *Ross* court concluded that *Ware* and *Flores* were wrongly decided because the term "presumptive sentence" as used in the KSGA does not include life sentences for off-grid crimes. The court cited its decision in *State v. Ortega-Cadelan*, 287 Kan. 157, 163, 194 P.3d 1195 (2008), wherein the court noted that K.S.A. 21-4721(c)(1) provides that an "appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." A presumptive sentence is one that falls within the grid block for the defendant's crime. But Ortega-Cadelan's crime was an off-grid crime and not a presumptive sentence. Accordingly, the *Ross* court ruled: "Thus, K.S.A. 21-4721(c) does not prevent a defendant from challenging a district court's decision ordering that a sentence for an on-grid crime run consecutive to a life sentence for an off-grid crime in a multiple conviction case involving both off-grid and on-grid crimes." 295 Kan. at 1138.

8

But *Rose* and *Ross* cited by Young do not control here. Nor does *Ortega-Cadelan*. Those cases involved the imposition of consecutive off-grid sentences and on-grid sentences. Here, Young complains about the imposition of two consecutive on-grid sentences.

As a general principle, the imposition of consecutive presumptive guideline sentences does not constitute a departure. *State v. Bramlett*, 273 Kan. 67, 68, 41 P.3d 796 (2002). Our appellate courts lack the jurisdiction to entertain challenges to the imposition of consecutive guideline sentences. As stated in *State v. Brune*, 307 Kan. 370, 371, 409 P.3d 862 (2018),

> "Such decisions [on whether to impose a concurrent or consecutive sentence] traditionally fall within the sound discretion of sentencing courts. *State v. Horn*, 302 Kan. 255, 256-57, 352 P.3d 549 (2015). 'In fact, this principle of a judge's discretion is so entrenched that the legislature determined a defendant cannot raise the issue of whether imposing consecutive sentences is an abuse of discretion if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*' *State v. Mosher*, 299 Kan. 1, 2-3, 319 P.3d 1253 (2014)."

See also *State v. Thorpe*, 36 Kan. App. 2d 475, 478, 141 P.3d 521 (2006); *State v. McCallum*, 21 Kan. App. 2d 40, 895 P.2d 1258 (1995).

Here, Young was on probation for a crime for which the court had imposed an underlying guidelines grid sentence when he committed another crime which also called for a guidelines grid sentence. Upon his conviction of the current crime, the court simply revoked Young's probation and ordered him to serve the previously imposed mitigated guideline prison sentence. The court then imposed another mitigated guideline sentence for his current crime.

Because Young was on probation at the time he committed his current crime, K.S.A. 2018 Supp. 21-6606(c), which is part of our general sentencing statutes, required the court to order that his current sentence be served consecutively to the sentence in his prior case. But under K.S.A. 2018 Supp. 21-6819(a)—which is part of our sentencing guidelines—the consecutive sentence called for in K.S.A. 2018 Supp. 21-6606(c) was not required if the imposition of such a sentence would be manifestly unjust.

Here, the district court considered whether a consecutive sentence would be manifestly unjust and determined that it would not. This determination was made consistent with a provision in our sentencing guidelines—K.S.A. 2018 Supp. 21-6819(a). The sentence imposed was a mitigated guideline sentence, which was to be served following completion of his prior sentence, as required by K.S.A. 2018 Supp. 21-6606(c). In no manner did the district court deviate from our sentencing guidelines. Consecutive presumptive sentences under the Kansas Sentencing Guidelines Act do not constitute sentencing departures and are not appealable. *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011).

Accordingly, we do not have jurisdiction to consider Young's issue on appeal. This appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

\* \* \*

ARNOLD-BURGER, C.J., dissenting:  I dissent from my colleagues' conclusion that we have no jurisdiction to hear this case. That said, I do not believe the district court judge erred in running Paul B. Young's sentences consecutive, so I would affirm on the merits.

10

*We have jurisdiction to hear an appeal of a judge's decision under K.S.A. 2018 Supp. 21-6819(a).*

When a person is on probation and commits a new crime, the judge must run the probation revocation sentence and the sentence for the new crime consecutive—one after the other. K.S.A. 2018 Supp. 21-6606(c) ("shall serve the sentence consecutively"). Courts and practitioners often refer to this as a "special rule" or "a special sentencing rule." *State v. Redick*, 307 Kan. 797, 801, 414 P.3d 1207 (2018) ("special sentencing rule"); *State v. Owens*, No. 108,985, 2014 WL 5312844, at *9 (Kan. App. 2014) (unpublished opinion) ("special rule").

But there is an escape clause from this seemingly mandatory rule in the revised Kansas Sentencing Guidelines Act (KSGA). K.S.A. 2018 Supp. 21-6801 et seq. If the court finds the imposition of consecutive sentences would "result in a manifest injustice," the court may ignore the special sentencing rule and order the sentences to run concurrent—at the same time. K.S.A. 2018 Supp. 21-6819(a).

Young was on probation for a crime that fell under the KSGA, when he committed a new crime that also fell under the KSGA, actually the same crime—a violation of the Kansas Offender Registration Act, K.S.A. 2018 Supp. 22-4901 et seq. (KORA). He faced a 61-month sentence on his probation revocation and, based on his criminal history score of D, he faced a sentence in the sentencing grid box of 89, 94, or 100 months on the new conviction. At his sentencing hearing, Young requested a durational departure sentence of 36 months. He also asked the court to find, under K.S.A. 2018 Supp. 21-6819(a), that it would result in a manifest injustice to run his two sentences consecutive. He asked the court to instead run the two sentences concurrent.

Young presented the same argument for both requests. He argued that he was only out of compliance for eight days and he had taken responsibility for the crime by entering

11

a plea with no plea bargain. He argued it was simply a misunderstanding because he was not living in an unauthorized location, he was simply doing work on the house for the owner. Finally, he asked the court to consider that the underlying conviction which required him to register was 18 years old. The judge did not depart and assessed 61 months on the probation revocation and the mitigated sentence of 89 months on the new conviction. Young was also ordered to serve 36 months of postrelease supervision. The judge ran the sentences consecutive, ordering Young to prison for 150 months. He made no specific findings about manifest injustice, but he did say he was finding there were no substantial or compelling reasons to grant a departure sentence.

On appeal, Young does not appeal the revocation of his probation or the presumptive sentence the court gave him for his new offense. He recognizes that K.S.A. 2018 Supp. 21-6820(c)(1) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is within the presumptive KSGA sentence for the crime. See *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences). Instead he seeks to appeal the denial of his request that the court depart from the special rule because of manifest injustice and run his sentences concurrent.

The question raised in this appeal is whether Young can appeal a ruling on the existence of manifest injustice under K.S.A. 2018 Supp. 21-6819(a). Whether jurisdiction exists is a question of law over which our review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is entirely defined by our state statutes. Subject to some exceptions, we have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. 304 Kan. at 919. So this case really involves statutory interpretation. In other words, do the Kansas statutes provide a right to appeal in this situation? So I turn to our standard of review when examining Kansas statutes.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that if we can ascertain the intent of the Legislature, that intent governs our interpretation. See *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to discover legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 303 Kan. at 813.

So what statutes are involved here? If a finding of manifest injustice under K.S.A. 2018 Supp. 21-6819(a) is considered a departure sentence under the KSGA, then it can be appealed. See K.S.A. 2018 Supp. 21-6820(a) ("A departure sentence is subject to appeal by the defendant or the state."). But see *State v. Huerta*, 291 Kan. 831, 835, 247 P.3d 1043 (2011) ("Merely moving for a departure sentence does not grant the right of appeal to a defendant, if the result of the motion is a presumptive sentence."). If Young's sentence is simply part of a presumptive sentence it is not subject to appeal. See K.S.A. 2018 Supp. 21-6820(c)(1) ("the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime"). If the statute explicitly leaves the judge's decision to impose consecutive or concurrent presumptive KSGA sentences to the judge's discretion, the judge's decision is not subject to appeal. See *State v. Ross*, 295 Kan. 1126, 1136-38, 289 P.3d 76 (2012). But if any of the sentences involved are imposed outside the KSGA, as with off-grid crimes, the judge's decision is appealable. 295 Kan. at 1138. We must examine the statutory definitions of departure and presumptive sentences, as well as the statutory scheme of the KSGA and the special rule, to answer this question.

A presumptive sentence is defined as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking

13

of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2018 Supp. 21-6803(q). Young's presumptive sentences were 61 months and 89 months respectively. Whether the special rule applies has nothing to do with Young's criminal history score or his place in the grid block—the only criterion for a presumptive sentence. So by appealing the application of the special rule, Young is not appealing a presumptive sentence. He is not challenging the presumptive KSGA sentence at all.

A departure sentence is "a sentence which is inconsistent with the presumptive sentence for an offender." K.S.A. 2018 Supp. 21-6803(f). A durational departure is a "departure sentence which is inconsistent with the presumptive term of imprisonment or nonimprisonment." K.S.A. 2018 Supp. 21-6803(i). Thus, to have a departure sentence you must have a presumptive sentence from which the judge departs. Again, because applying the special rule has nothing to do with the combined effect of the crime severity ranking and the offender's criminal history score and so is not a KSGA presumptive sentence, the application of the non-KSGA special rule cannot fit the definition of a typical departure sentence. Here, Young is not challenging the district court's failure to depart from the presumptive KSGA sentence. He is appealing the application of the special rule.

That leads me to the special rule itself, K.S.A. 2018 Supp. 21-6606(c). The rule is not part of the KSGA. It only comes into the purview of the KSGA because the KSGA allows the judge to depart from this special mandatory rule in KSGA cases if the judge finds that to apply the rule would result in manifest injustice. K.S.A. 2018 Supp. 21-6819(a). The cases cited by the majority expressing the general rule that the imposition of consecutive presumptive guideline sentences does not constitute a departure do not involve application of the special rule. Accordingly, they have no application to this discussion.

14

I can locate only two cases that discuss application of the special rule in this context.

First, in *State v. McCallum*, 21 Kan. App. 2d 40, 895 P.2d 1258 (1995), the defendant was sentenced to consecutive presumptive sentences. He alleged that K.S.A. 1993 Supp. 21-4720(a) (now K.S.A. 2018 Supp. 21-6819[a]) implies that if "mandatory consecutive sentences can be reviewed by a higher court" then so can discretionary consecutive sentences. 21 Kan. App. 2d at 48. This court rejected that argument because the case only involved consecutive sentencing in new cases. There was no probation revocation involved. The court noted that in the situation of probation revocations in conjunction with new sentences, the Legislature has provided "safeguards" to prevent manifest injustice. 21 Kan. App. 2d at 48. In the case of consecutive sentencing for new KSGA crimes, the court found a different safeguard appeared at K.S.A. 1993 Supp. 21-4720(c)(3) ("'The total imprisonment term of the consecutive sentences, including the imprisonment term for the departure crime, shall not exceed twice the maximum presumptive imprisonment term of the departure sentence following aggravation.'"). 21 Kan. App. 2d at 48. So although it discussed the special rule provision of what is now K.S.A. 2018 Supp. 21-6819(a), the court in *McCallum* did not rule on that basis.

The second case is *State v. Rose*, No. 90,111, 2004 WL 117358 (Kan. App. 2004) (unpublished opinion). *Rose* was an appeal by the State on a question reserved. Contrary to the position the State takes here, the State argued in *Rose* that it could appeal the judge's decision to grant concurrent rather than consecutive sentences based on a finding of manifest injustice under K.S.A. 2002 Supp. 21-4720(a) (now K.S.A. 2018 Supp. 21-6819[a]). This court agreed that the State could appeal such a finding. The court held that this was not simply a discretionary decision regarding concurrent or consecutive sentences, but a discretionary decision concerning whether manifest injustice existed. 2004 WL 117358, at *2. The court relied on *State v. Torrance*, 22 Kan. App. 2d 721, 730, 922 P.2d 1109 (1996), for the proposition that "'whether a sentence has resulted in

manifest injustice must be made on a case-by-case basis under a "shocking to the conscience" consideration; that is, whether the trial court has abused its discretion by imposing a sentence that is obviously unfair and shocks the conscience of the court. [Citation omitted.]'" *Rose*, 2004 WL 117358, at *3.

I agree with the analysis in *Rose*. The statute is clear and unambiguous. Under K.S.A. 2018 Supp. 21-6819(a) a court has the discretion to determine whether manifest injustice exists to override the mandatory non-KSGA sentencing rule in K.S.A. 2018 Supp. 21-6606(c). Such a decision is distinctively different than whether to impose consecutive or concurrent presumptive KSGA sentences and is more akin to a departure sentence. This interpretation is further bolstered by the language of K.S.A. 2018 Supp. 21-6819(b). In context, immediately following the provision in subsection (a) indicating that concurrent sentences in combination probation and new crime sentencing cases can be given upon a finding that it would result in manifest injustice to give consecutive sentences, subsection (b) says: "The sentencing judge shall *otherwise* have discretion to impose concurrent or consecutive sentences in multiple conviction cases." (Emphasis added.) This language indicates that application of subsection (a) is different than the standard consecutive/concurrent sentencing discretion discussed in cases cited by the majority.

Accordingly, I would find that we do have jurisdiction to consider whether the district court abused its discretion in determining the existence of manifest injustice as outlined in K.S.A. 2018 Supp. 21-6819(a) and K.S.A. 2018 Supp. 21-6606(c).

*The district judge did not abuse his discretion in denying Young's request for concurrent sentences.*

To run Young's sentences concurrent, Young had the burden of proof to establish that to run them consecutive would result in manifest injustice. K.S.A. 2018 Supp. 21-

16

6819(a). This is a high hurdle. A sentence results in "manifest injustice" only when it is obviously unfair and shocks the conscience of the court. *Wilkinson v. State*, 40 Kan. App. 2d 741, 742, 195 P.3d 278 (2008).

The district court found there was no manifest injustice, so Young failed to prove otherwise to the satisfaction of the court. Finding that a party did not meet its burden of proof is a negative factual finding. In reviewing a negative factual finding, the appellate court must consider whether the district court arbitrarily disregarded undisputed evidence or relied on some extrinsic consideration such as bias, passion, or prejudice to reach its decision. *State v. Smith*, 303 Kan. 673, 679, 366 P.3d 226 (2016).

Moreover, we decide whether a sentence results in manifest injustice on a case-by-case basis. "The standard of review to be employed in such cases is whether the trial court has abused its discretion by imposing a sentence which is obviously unfair and shocks the conscience of the court." *State v. Cramer*, 17 Kan. App. 2d 623, Syl. ¶ 5, 841 P.2d 1111 (1992). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Young contends that 150 months in prison for missing filing deadlines is obviously unfair and shocks the conscious.

"Running Mr. Young's prison sentence consecutive resulted in a 12½ year prison sentence. Is that global sentence debatably reasonable? Mr. Young respectfully submits it is not. By any moral standard a 12½ year prison sentence is an excessive punishment for the offense of missing filing deadlines.

"The district court, in this case, could have reduced Mr. Young's global prison sentences for cases 16 CR 2039 and 17 CR 2265 from 12½ years to a still-excessive 7½

17

years by making a 'simple manifest injustice' finding. The court's decision not to do that was unreasonable, and, thus, an abuse of discretion."

Young's counsel presented all the same arguments to the district court related to his request for a manifest injustice finding as he did for a durational departure: this was a misunderstanding, he was only eight days late in reporting, he took responsibility and pleaded guilty with no plea agreement in place, and the underlying conviction that required him to report was 18 years old.

But the State presented a competing view of Young's behavior. The case for which Young was on probation, which was his second conviction for a KORA violation, was a presumptive prison case and Young was granted a dispositional departure to probation. In the new case, his third conviction for a KORA violation, he was at a residence where he was not supposed to be for about three weeks and the owner had repeatedly asked him to leave but he refused. The State argued that Young knew what he was supposed to do in the most recent case, because he had two prior convictions for the same thing. In addition, Young failed to report on probation. He admitted he had used methamphetamine while on probation and failed to complete drug treatment. He failed to make payments toward his fines and costs. He committed the crime of criminal trespass. And, he failed to provide proof of employment.

After hearing all the evidence, the judge noted that Young was a person who knew of the registration requirements due to his multiple prior convictions. He questioned Young's credibility regarding the situation he described as a misunderstanding. The judge found there were no substantial or compelling reasons to grant a departure sentence. He ordered the sentences to run consecutive, finding—although not stating—that no manifest injustice would result.

Given all the facts presented to him, I find no evidence that the district judge arbitrarily disregarded undisputed evidence or relied upon some extrinsic consideration such as bias, passion, or prejudice to reach his decision. He committed no error of fact or law. I cannot conclude that no reasonable judge would have taken the position of the district judge here given Young's extensive history of violating the KORA. I find nothing unfair or shocking about the sentence. It should have come as no surprise to Young. Accordingly, there was no abuse of discretion here and I would affirm the decision of the district court.