McAnany, J.:
*545 In 1999, Paul B. Young was convicted of aggravated indecent liberties with a child under 14 years of age. As a result of this conviction, he was required to register for his lifetime under the Kansas Offender Registration Act, K.S.A. 2018 Supp. 22-4901 et seq. (KORA).
In 2010, Young pled guilty to two KORA violations. Then, in 2016, Young pled guilty to his third KORA violation.
On July 31, 2017, the State charged Young with his fourth KORA violation. Young was still on probation from his third KORA violation at the time of this fourth violation. The underlying sentence for his third KORA violation was a mitigated 61-month guideline prison sentence.
At a hearing on October 19, 2017, Young appeared with his attorney and waived his right to a preliminary hearing. He had no plea agreement with the State. Nevertheless, he informed the court that he wished to plead guilty. Before the hearing Young had signed an acknowledgment of his rights in which he stated that he understood that upon conviction of a fourth KORA violation the sentence the court could impose ranged from 55 to 247 months. The district court informed Young of his rights and his potential sentence and inquired if he understood those rights. Young had no questions about his rights and the consequences for entering a plea and expressed the desire to enter a guilty plea. He stated that the State's charging document was correct, and he agreed there was a factual basis for the charge. The district court found that Young "knowingly, intelligently, freely, and voluntarily waived his rights," accepted Young's plea, found him guilty as charged, and ordered a presentence investigation.
Before sentencing Young moved for a downward durational departure.
On December 7, 2017, the court held a combined hearing on Young's probation violation and for sentencing on his fourth KORA conviction. Young admitted to six probation violations in his prior case. The State recommended that Young's probation be revoked and that he serve his underlying prison sentence of 61 months.
Young agreed with his criminal history as reported to the court and agreed that his criminal history score was D. Based on that score, the sentencing grid range for his fourth KORA violation was 89-94-100 months.
Young's counsel argued that there were substantial and compelling reasons for the court to depart from the guidelines and impose a sentence of 36 months to be served concurrently with his 61-month sentence in his prior case. He argued that it would be manifestly unjust to do otherwise because the current conviction arose from an 11-day delay in registering after moving to a new *546 address, that Young was otherwise in compliance with his registration requirements, and that Young took responsibility for his actions. He also addressed the probation violations related to Young's KORA violation conviction.
The State requested that the court impose the low number guideline sentence of 89 months but argued that Young's sentence should be served consecutively to his 61-month prison sentence in the prior case in which he violated probation because it would not be manifestly unjust to do so.
The district court declined to depart, finding that there were no substantial and compelling reasons to grant a departure from the guideline sentence for Young's current KORA offense. But the court imposed the "lowest minimum sentence" of 89 months in the custody of the Secretary of Corrections. In a separate hearing, the court ordered Young to serve his underlying prison sentence in the case in which he violated probation.
Young's appeal brings the matter before us.
Young contends on appeal that the district court abused its discretion in failing to find that manifest injustice would occur by allowing his sentence for his KORA violation to run consecutive to his sentence in his prior criminal case. He argues that it is unreasonable to imprison him for over a decade "on account of [his] inability to comply with filing deadlines." On the other hand, the State contends that we are without jurisdiction to consider this issue because Young's sentence was within the presumptive range.
Whether jurisdiction exists is a question of law over which our review is unlimited. State v. Smith , 304 Kan. 916, 919, 377 P.3d 414 (2016). We do not have discretionary power to entertain appeals from all district court orders. Kansas Medical Mut. Ins. Co. v. Svaty , 291 Kan. 597, 609-10, 244 P.3d 642 (2010). To the contrary, the right to appeal is entirely statutory. It is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by our statutes. Smith , 304 Kan. at 919, 377 P.3d 414 ; State v. Gill , 287 Kan. 289, 294, 196 P.3d 369 (2008).
K.S.A. 2018 Supp. 21-6820(c) provides that an appellate court shall not review on appeal a sentence for a felony conviction that is (1) within the presumptive guidelines sentence for the crime or (2) the result of a plea agreement between the State and the defendant which the trial court approved on the record. State v. Sprung , 294 Kan. 300, 317, 277 P.3d 1100 (2012) (no jurisdiction to review presumptive sentences).
Here, Young was convicted of a KORA violation, a severity level 3 person felony. K.S.A. 2018 Supp. 22-4903(a), (c)(1)(C) ; K.S.A. 2018 Supp. 22-4905(g). Because his crime was committed while on probation for a previous felony conviction, his sentence was required to run consecutive to other sentences by operation of law. K.S.A. 2018 Supp. 21-6606(c).
But Young argues that he is not appealing his presumptive sentences in either this case or in his probation revocation case. To the contrary, and relying on State v. Rose , No. 90,111, 2004 WL 117358, at *1 (Kan. App. 2004) (unpublished opinion), Young argues that he is challenging the court's decision not to make a special finding that would result in concurrent sentences in these two cases. He also relies on our Supreme Court's holding in State v. Ross , 295 Kan. 1126, 289 P.3d 76 (2012). The State does not discuss either of these cases in its appellate brief.
In Rose , an appeal brought by the State, the defendant was convicted of aggravated burglary, burglary, and felony theft. Sentences for these crimes are included in the Kansas Sentencing Guidelines sentencing grid. At the time Rose committed these crimes he was on parole for a 1991 robbery conviction, which carried a preguidelines indeterminate sentence of up to 20 years. Upon Rose's current convictions, the district court "found that there was uncertainty regarding the length of sentence Rose would serve if his sentences were imposed consecutive to the previous sentence, as required under K.S.A. 21-4608. Consequently, the trial court ordered concurrent sentences, finding that *547 'to run the cases consecutive would constitute manifest injustice.' " 2004 WL 117358, at *1. On appeal, the State contended the appellate court had jurisdiction to consider whether the district court abused its discretion in finding manifest injustice to support the imposition of concurrent rather than consecutive sentences. The court determined it had jurisdiction to consider the State's appeal because it was on a question reserved regarding a statute that had not previously been interpreted by the court.
The Rose court noted the holding in State v. Ware , 262 Kan. 180, 181-82, 938 P.2d 197 (1997), that the discretionary imposition of consecutive sentences is not an appealable issue. Ware had been convicted of felony murder, an off-grid crime, and aggravated robbery, an on-grid crime.
"The Ware court reviewed K.S.A. 21-4721(c)(1), which prevents the appellate court from reviewing any sentence that is within the presumptive sentence for the crime, and found that ' "[a] grid block provides no mandate regarding whether a sentence should be run concurrently or consecutively. Therefore, a consecutive sentence is not in and of itself inconsistent with the presumptive sentence and is not a departure." ' 262 Kan. at 184, 938 P.2d 197. As a result, the court held that it did not have jurisdiction over the appeal of the discretionary order of consecutive sentences. 262 Kan. at 184, 938 P.2d 197." Rose , 2004 WL 117358, at *2.
But the Rose court distinguished Ware :
"Here, K.S.A. 21-4608 applies because Rose was convicted in this case while he was already on parole from a previous conviction. According to K.S.A. 21-4608(c), any person convicted and sentenced for a crime committed while that person was on parole for a felony shall serve the sentence consecutive to the terms for which the person was under parole. Nevertheless, the exception to this rule is found in K.S.A. 2002 Supp. 21-4720(a), which states that the mandatory consecutive sentence provisions of K.S.A. 21-4608(c) shall not apply if such application would result in manifest injustice. In this case, the only discretion the district court had was in deciding whether manifest injustice would result in the otherwise mandatory consecutive sentences, not in deciding whether to order consecutive or concurrent sentences." Rose , 2004 WL 117358, at *2,.
In Ross , another case Young relies on, the defendant argued that the district court abused its discretion in denying his request to have his sentence for felony murder (an off-grid sentence) run concurrent with his sentence for kidnapping (an on-grid crime). In considering the jurisdiction issue, the Ross court noted its prior decisions in Ware and in State v. Flores , 268 Kan. 657, 999 P.2d 919 (2000). The Ross court noted that in Ware "[t]his court did not reach the merits of Ware's argument because we assumed that Ware had received a 'presumptive sentence' as contemplated in K.S.A. 21-4721(c)(1) and, thus, we were statutorily prevented from reviewing his sentence." Ross , 295 Kan. at 1136, 289 P.3d 76.
The Ross court also noted that in Flores , "[b]ased on Ware , we dismissed Flores' appeal for lack of jurisdiction because we again assumed that Flores had received a presumptive sentence within the meaning of K.S.A. 21-4721(c)(1) and that the imposition of consecutive sentences did not constitute a departure sentence, which is reviewable under K.S.A. 21-4721(e)(1)." 295 Kan. at 1136-37, 289 P.3d 76.
The Ross court concluded that Ware and Flores were wrongly decided because the term "presumptive sentence" as used in the KSGA does not include life sentences for off-grid crimes. The court cited its decision in State v. Ortega-Cadelan , 287 Kan. 157, 163, 194 P.3d 1195 (2008), wherein the court noted that K.S.A. 21-4721(c)(1) provides that an "appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime." A presumptive sentence is one that falls within the grid block for the defendant's crime. But Ortega-Cadelan's crime was an off-grid crime and not a presumptive sentence. Accordingly, the Ross court ruled: "Thus, K.S.A. 21-4721(c) does not prevent a defendant from challenging a district court's decision ordering that a sentence for an on-grid crime run consecutive to a life sentence for an off-grid crime in a *548 multiple conviction case involving both off-grid and on-grid crimes." 295 Kan. at 1138, 289 P.3d 76.
But Rose and Ross cited by Young do not control here. Nor does Ortega-Cadelan . Those cases involved the imposition of consecutive off-grid sentences and on-grid sentences. Here, Young complains about the imposition of two consecutive on-grid sentences.
As a general principle, the imposition of consecutive presumptive guideline sentences does not constitute a departure. State v. Bramlett , 273 Kan. 67, 68, 41 P.3d 796 (2002). Our appellate courts lack the jurisdiction to entertain challenges to the imposition of consecutive guideline sentences. As stated in State v. Brune , 307 Kan. 370, 371, 409 P.3d 862 (2018),
"Such decisions [on whether to impose a concurrent or consecutive sentence] traditionally fall within the sound discretion of sentencing courts. State v. Horn , 302 Kan. 255, 256-57, 352 P.3d 549 (2015). 'In fact, this principle of a judge's discretion is so entrenched that the legislature determined a defendant cannot raise the issue of whether imposing consecutive sentences is an abuse of discretion if the sentence is imposed under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 et seq. ' State v. Mosher , 299 Kan. 1, 2-3, 319 P.3d 1253 (2014)."
See also State v. Thorpe , 36 Kan. App. 2d 475, 478, 141 P.3d 521 (2006) ; State v. McCallum , 21 Kan. App. 2d 40, 895 P.2d 1258 (1995).
Here, Young was on probation for a crime for which the court had imposed an underlying guidelines grid sentence when he committed another crime which also called for a guidelines grid sentence. Upon his conviction of the current crime, the court simply revoked Young's probation and ordered him to serve the previously imposed mitigated guideline prison sentence. The court then imposed another mitigated guideline sentence for his current crime.
Because Young was on probation at the time he committed his current crime, K.S.A. 2018 Supp. 21-6606(c), which is part of our general sentencing statutes, required the court to order that his current sentence be served consecutively to the sentence in his prior case. But under K.S.A. 2018 Supp. 21-6819(a) -which is part of our sentencing guidelines-the consecutive sentence called for in K.S.A. 2018 Supp. 21-6606(c) was not required if the imposition of such a sentence would be manifestly unjust.
Here, the district court considered whether a consecutive sentence would be manifestly unjust and determined that it would not. This determination was made consistent with a provision in our sentencing guidelines- K.S.A. 2018 Supp. 21-6819(a). The sentence imposed was a mitigated guideline sentence, which was to be served following completion of his prior sentence, as required by K.S.A. 2018 Supp. 21-6606(c). In no manner did the district court deviate from our sentencing guidelines. Consecutive presumptive sentences under the Kansas Sentencing Guidelines Act do not constitute sentencing departures and are not appealable. State v. Jacobs , 293 Kan. 465, 466, 263 P.3d 790 (2011).
Accordingly, we do not have jurisdiction to consider Young's issue on appeal. This appeal is dismissed for lack of jurisdiction.
Appeal dismissed.