(893 P.2d 258)
No. 71,480

STATE OF KANSAS, *Appellee*, v. VICK T. PEAL, *Appellant*.

Opinion filed April 7, 1995.

*Edward G. Collister, Jr.*, special appellate defender, and *Steven R. Zinn*, assistant appellate defender, for the appellant.

*Joe E. Lee*, assistant county attorney, *Rodney H. Symmonds*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PIERRON, P.J., LEWIS, J., and CAROL BACON, District Judge, assigned.

PIERRON, J.: Defendant pled guilty to one count of aggravated robbery and one count of simple robbery. He was subsequently sentenced to 77 months for the aggravated robbery and 34 months for the simple robbery. The trial court ordered the sentences to run consecutively. Defendant appeals his sentence, arguing the trial court abused its discretion by ordering the two sentences to be served consecutively.

On July 26, 1993, defendant was charged with three counts of aggravated robbery. All three crimes occurred on or about July 20, 1993.

On October 4, 1993, after plea negotiations, defendant pled guilty to one count of aggravated robbery and one count of simple robbery. The remaining aggravated robbery charge was dismissed. Pursuant to the negotiations, the State agreed not to oppose a concurrent sentence.

Prior to defendant entering a plea at the hearing on October 4, 1993, the trial court explained to defendant that the State's agreement not to oppose a concurrent sentence was not binding on the trial court. The court also informed defendant that aggravated robbery was a severity level 3 person felony. The court explained there was a presumption that defendant would be placed in prison for a minimum of 46 months and a maximum of 103 months on the aggravated robbery count. The court also explained that simple robbery was a severity level 5 person felony carrying a possible sentence ranging from 31 months' to 68

months' imprisonment. Defendant indicated he understood the possible sentence.

After being informed of the possible sentence, the defendant entered a plea of guilty. The trial court accepted the plea and found him guilty of one count of aggravated robbery and one count of simple robbery.

On December 2, 1993, the State filed a motion seeking an upward durational departure from the sentencing guidelines. Defendant responded, seeking an order that the State disclose the unusual and aggravating factors it relied on to support its motion for a durational departure.

On December 20, 1993, defendant was sentenced. The trial court denied the State's motion for an upward durational departure. The parties agreed that defendant had a category E criminal history. The trial court sentenced defendant to 77 months on the aggravated robbery count and 34 months on the simple robbery count. The sentences were ordered to run consecutively for a controlling sentence of 111 months.

K.S.A. 1993 Supp. 21-4720(b) provides: "The sentencing judge shall have discretion to impose concurrent or consecutive sentences in multiple conviction cases." According to defendant, the district court abused its discretion by ordering the sentences to run consecutively. Defendant argues the decision to impose consecutive sentences was an abuse of discretion because (1) the district court failed to provide a sufficient explanation of the reasons for its decision and (2) the reasons that were given by the district court for imposing consecutive sentences had already been implicitly considered by the legislature in arriving at the presumptive sentence.

The State, on the other hand, argues this court is without jurisdiction to consider defendant's appeal. In resolving this jurisdictional question, this court must interpret the provisions of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 1993 Supp. 21-4701 *et seq.* Interpretation of a statute is a question of law. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993). On questions of law, our review is unlimited. See *Memorial Hospital Ass'n, Inc. v. Knutson*, 239 Kan. 663, 668, 722 P.2d 1093 (1986).

Defendant's criminal history consisted of three prior juvenile adjudications for nonperson felonies. Thus, he had a category E criminal history. See K.S.A. 1993 Supp. 21-4709. Aggravated robbery is a severity level 3 person felony. K.S.A. 1993 Supp. 21-3427. Robbery is a severity level 5 person felony. K.S.A. 1993 Supp. 21-3426.

K.S.A. 1993 Supp. 21-4720(b)(2) directs the trial court to "establish a base sentence for the primary crime" when sentencing a defendant in multiple conviction cases. The primary crime is the crime with the highest severity ranking. K.S.A. 1993 Supp. 21-4720(b)(2). Therefore, the aggravated robbery conviction would be the primary crime. The base sentence is set using the total criminal history score assigned. K.S.A. 1993 Supp. 21-4720(b)(3). According to K.S.A. 1993 Supp. 21-4704, the presumptive sentencing range for a severity level 3 crime with a category E criminal history score is 68 to 77 months (grid block 3-E). The presumptive disposition for crimes falling within grid block 3-E is presumptive imprisonment. The district court sentenced defendant to 77 months' imprisonment for the aggravated robbery.

"Nonbase sentences will not have criminal history scores applied." K.S.A. 1993 Supp. 21-4720(b)(5); See *State v. Bowen*, 20 Kan. App. 2d 576, Syl. ¶ 3, 890 P.2d 374 (1995). Thus, the presumptive sentence for the simple robbery is 31 to 34 months, as reflected in grid block 5-I. K.S.A. 1993 Supp. 21-4704. Grid block 5-I carries a presumptive disposition of imprisonment in this case due to K.S.A. 1993 Supp. 21-4720(b)(6), which provides: "If the sentence for the primary crime is a prison term, the entire imprisonment term of the consecutive sentences will be served in prison." Furthermore, a decision by the court regarding the imposition of a prison term for a crime classified in grid block 5-I is not a departure and is not subject to appeal. K.S.A. 1993 Supp. 21-4704(f). The district court sentenced defendant to 34 months' imprisonment for the simple robbery.

K.S.A. 1993 Supp. 21-4703(r) defines the term "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the

crime severity ranking of the current crime of conviction and the offender's criminal history." A presumptive sentence includes both a presumptive duration and a presumptive disposition. See K.S.A. 1993 Supp. 21-4703(h), (j), and (r). The presumptive duration is also known as the "sentencing range," which is defined as "the sentencing court's discretionary range in imposing a nonappealable sentence." K.S.A. 1993 Supp. 21-4703(t). According to these definitions, defendant's sentences of 77 months' imprisonment for the aggravated robbery and 34 months' imprisonment for the simple robbery are within the presumptive sentences.

In *State v. Myers*, 20 Kan. App. 2d 401, Syl. ¶ 1, 888 P.2d 866 (1995), this court held that "[a]ppellate courts are without jurisdiction to consider appeals from a sentence entered for a felony committed on or after July 1, 1993, where the imposed sentence is within the presumptive sentence for the crime. K.S.A. 1993 Supp. 21-4721(c)(1)."

There is little question that defendant could not have appealed either the 77-month sentence or the 34-month sentence imposed in this case because both were presumptive sentences. The question, however, is whether the trial court's decision to impose the sentences consecutively is appealable.

"It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained." *City of Wichita v. 200 South Broadway*, 253 Kan. 434, Syl. ¶ 1, 855 P.2d 956 (1993). See *State v. Gonzales*, 255 Kan. 243, 248-49, 874 P.2d 612 (1994). Generally, "[o]ur criminal statutes are to be construed strictly against the State." *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993) (quoting *State v. Sexton*, 232 Kan. 539, 543, 657 P.2d 43 [1983]). However, this rule of construction is subordinate to the rule that judicial interpretation must effectuate legislative design and the true intent of the legislature. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993).

K.S.A. 1993 Supp. 22-3602(a) provides for an appeal as a matter of right from any judgment against a defendant in the district court "[e]xcept as otherwise provided." In *Gonzales*, 255 Kan. at 247, the Supreme Court noted that "appeal from the sentence

imposed for felony offenses committed on or after July 1, 1993, is limited pursuant to K.S.A. 1993 Supp. 21-4721."

The relevant sections of K.S.A. 1993 Supp. 21-4721 provide:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

. . . .

"(e) In any appeal, the appellate court may review a claim that:

(1) The sentence resulted from partiality, prejudice, oppression or corrupt motive;

(2) the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes; or

(3) the sentencing court erred in ranking the crime severity level of the current crime or in determining the appropriate classification of a prior conviction or juvenile adjudication for criminal history purposes."

In K.S.A. 1993 Supp. 21-4721(a) and (e), the legislature has endeavored to list the grounds upon which an appeal can be taken from a sentence imposed under the KSGA.

" 'One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.,* the mention or inclusion of one thing implies the exclusion of another. This rule may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention.' " *State v. Luginbill,* 223 Kan. 15, 20, 574 P.2d 140 (1977) (quoting *In re Olander,* 213 Kan. 282, 285, 515 P.2d 1211 [1973]).

Applying the maxim *expressio unius est exclusio alterius* leads to the conclusion that the legislature did not intend this court to entertain sentencing appeals on grounds other than those stated in K.S.A. 1993 Supp. 21-4721. Therefore, this court's jurisdiction to consider an appeal challenging a sentence imposed pursuant to the KSGA is limited to those grounds specified in K.S.A. 1993 Supp. 21-4721(a) and (e) and illegal sentences. See also 1994 Kansas Sentencing Guidelines Desk Reference Manual, p. 6. ("The defendant may appeal a sentence which constitutes a departure unfavorable to the defendant. . . . Appellate review of sentences imposed pursuant to the guidelines is otherwise limited to claims of partiality, prejudice, oppression, or corrupt motive, or claims challenging the crime severity ranking or the criminal history.");

*Gonzales,* 255 Kan. at 247 (an illegal sentence can be corrected at any time).

Whether the decision to impose consecutive sentences can be appealed depends on whether that decision was the result of one of the grounds specified in K.S.A. 1993 Supp. 21-4721. Defendant does not allege that the imposition of consecutive sentences was the result of partiality, prejudice, oppression, or corrupt motive. Nor does he maintain there was an error in the criminal history score or the severity level of the current crimes of conviction. The grounds for appeal set forth in K.S.A. 1993 Supp. 21-4721(e) are not applicable in this case. Therefore, defendant can maintain this appeal only if imposing consecutive sentences constitutes a "departure sentence." K.S.A. 1993 Supp. 21-4721(a).

A departure is defined in K.S.A. 1993 Supp. 21-4703(g) as "a sentence which is inconsistent with the presumptive sentence for an offender." There are two types of departure under the KSGA: a dispositional departure (see K.S.A. 1993 Supp. 21-4703[h]) and a durational departure (see K.S.A. 1993 Supp. 21-4703[j]). The term "presumptive sentence," as that term is defined in K.S.A. 1993 Supp. 21-4703(r), contemplates a sentence which complies with the dispositional and durational mandates of the appropriate grid block. A grid block provides no mandate regarding whether a sentence should be run concurrently or consecutively. Therefore, a consecutive sentence is not in and of itself inconsistent with the presumptive sentence and is not a departure. Only if the sentence imposed is inconsistent with the duration and disposition of the appropriate grid block can there be a departure. See Kansas Sentencing Guidelines Act Implementation Manual, p. 4-17 (1992). ("In contrast to departure sentences, consecutive nondeparture sentences are <u>not</u> appealable." [Emphasis in original.]).

In this case, the sentence imposed is not inconsistent with the presumptive sentence and, therefore, is not a departure sentence as that term is used in K.S.A. 1993 Supp. 21-4721(a). Thus, defendant's allegation that the district court abused its discretion by imposing consecutive sentences is not one of the grounds specified in K.S.A. 1993 Supp. 21-4721 for appealing a sentence. Simply put, the issue raised by defendant is not an appealable issue.

In *State v. Starks*, 20 Kan. App. 2d 179, 183, 885 P.2d 387 (1994), this court wrote that the provisions of K.S.A. 1993 Supp. 21-4721(c)(1) were "adopted by the legislature to foreclose the type of appeals which had previously been lodged under the former statutory scheme alleging that the sentencing court abused its discretion." The holding in this case is consistent with the legislature's intent to foreclose such appeals.

We note that under certain circumstances a departure sentence can occur within the context of consecutive sentences, thereby creating a ground for appeal under K.S.A. 1993 Supp. 21-4721(a). See K.S.A. 1993 Supp. 21-4720(c); Kansas Sentencing Guidelines Act Implementation Manual, p. 4-17 (1992). However, we are not presented with that situation here.

Appeal dismissed.