NOT DESIGNATED FOR PUBLICATION

Nos. 124,745
124,746

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CODY A. RICKER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed August 5, 2022. Affirmed in part and dismissed in part.


Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).


Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.


PER CURIAM: Cody A. Ricker appeals the sentences imposed by the district court after he pleaded guilty to felony theft, misdemeanor theft, and felony fleeing or attempting to elude an officer. After consolidating the cases for appeal, we granted Ricker's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the motion, response, and record, we dismiss the appeal in part and affirm the district court's ruling in part.

1

In the first case, the State charged Ricker with four offenses: (1) felony theft for acts committed on January 16, 2021; (2) misdemeanor criminal damage to property for acts committed on January 16, 2021; (3) misdemeanor criminal damage to property for acts committed on December 18, 2020; and (4) misdemeanor theft for acts committed on December 29, 2020.

In the second case, the State charged Ricker with one count of felony fleeing or attempting to elude an officer for acts committed on March 1, 2021.

In a plea agreement covering both cases, Ricker pleaded guilty to one count each of felony theft, misdemeanor theft, and felony fleeing or attempting to elude an officer; the State agreed to drop the remaining charges. In exchange for Ricker's guilty pleas, the State agreed to recommend the "low number" in the sentencing grid for each felony (11 months for felony theft and 7 months for fleeing or attempting to elude an officer), a 12-month sentence for misdemeanor theft, and for all three sentences to be served consecutively. The plea agreement also stated that "[b]oth parties will recommend the statutory presumption be followed, believed to be probation."

At the sentencing hearing, the State did not follow the plea agreement because Ricker had failed to appear at the originally scheduled sentencing hearing. Instead, for the felony charges, the State recommended that the court impose the "mid number" in the sentencing grid for each. The State, however, followed the plea agreement for the misdemeanor charge, recommending a controlling 12-month sentence. Ricker asked the court to sentence him in accord with the plea agreement.

In the first case, the district court imposed a 12-month prison sentence for felony theft and a maximum 12-month jail sentence for misdemeanor theft. The district court

ordered these sentences to be served consecutively. In the second case, the district court imposed an eight-month prison sentence for felony fleeing or attempting to elude an officer. The district court ordered this sentence to be served consecutive to the sentences in the first case. But the district court suspended the cumulative 32-month prison sentence in favor of 12 months of probation. Ricker appeals.

ANALYSIS

On appeal, Ricker argues that the district court abused its discretion by making the felony sentences consecutive and not concurrent; he also argues that the district court abused its discretion in not granting a lesser sentence for the misdemeanor theft charge. Both arguments fail.

Given Ricker's criminal history score and the offenses he committed, the district court imposed presumptive sentences for each of the felony charges. Both felonies are on-grid crimes, meaning they appear on the sentencing grid contained in the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2021 Supp. 21-6801 et seq. In cases involving on-grid crimes, a sentencing judge's decision about whether to impose consecutive or concurrent sentences in multiple conviction sentences within a case is not an appealable decision. *State v. Young*, 313 Kan. 724, 732, 490 P.3d 1183 (2021). Thus, we lack authority to review the district court's decision for the felony sentences to be consecutive instead of concurrent, despite Ricker's argument that it creates too lengthy of a sentence.

Next, Ricker appeals the district court's imposition of a maximum 12-month jail sentence for his misdemeanor theft charge. Because sentences in misdemeanor convictions are not classified as presumptive sentences under K.S.A. 2021 Supp. 21-6803 we are generally able to review this allegation of error. But there is one other hurdle that Ricker is not able to clear.

This court lacks authority to review "any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record." K.S.A. 2021 Supp. 21-6820(c)(2). Here, the defendant and the State came to a plea agreement where "[b]oth parties agree to recommend a 12-month controlling jail sentence on the misdemeanor count." They also agreed that the sentences would be consecutive to each other. The district court accepted this plea agreement and approvingly cited the plea agreement at the sentencing hearing. Nevertheless, the State did not argue that we lack jurisdiction to hear Ricker's objection to the length of his misdemeanor sentence on this basis. Instead, both parties assert that we review the sentence for an abuse of discretion. See *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014) (applying an abuse of discretion standard to review non-KSGA sentences; noting a district court abuses its discretion by acting unreasonably). Considering it under the framework argued by the parties, Ricker is still not entitled to relief.

"A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Ricker only challenges the reasonableness of the district court's decision. A decision is unreasonable if "'no reasonable person would have taken the view adopted by the trial court.'" *State v. Davis*, 312 Kan. 259, 276, 474 P.3d 722 (2020). Here, the parties reached a plea agreement that recommended a 12-month sentence for the misdemeanor theft charge. Given that Ricker agreed to this recommendation, the district court acted reasonably in imposing the sentence that the defendant requested. The sentence was neither arbitrary, fanciful, nor unreasonable.

Affirmed in part and dismissed in part.