NOT DESIGNATED FOR PUBLICATION

No. 124,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD EUGENE HAMMONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wichita District Court; KRISTI COTT, judge. Opinion filed October 28, 2022. Appeal dismissed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Donald Eugene Hammons appeals his prison sentence following his conviction for burglary. This court granted Hammons' motion for summary disposition under Kansas Supreme Court Rule 7.014A (2022 Kan. S. Ct. R. at 48). Because we lack jurisdiction to review a presumptive sentence, we must dismiss Hammons' appeal.

FACTUAL AND PROCEDURAL HISTORY

Hammons pled no contest to burglary, in violation of K.S.A. 2021 Supp. 21-5807(a)(2), a severity level 7 felony committed in September 2021. The presentence investigation (PSI) report showed that special sentencing rule No. 27 applied. This rule requires presumptive prison for burglary when a person has two or more prior

1

convictions for theft, burglary, or aggravated burglary, citing K.S.A. 2021 Supp. 21-6804(p).

Hammons asked the trial court to "disregard the special rule" and give him probation. The trial court followed the special rule's presumptive prison requirement but gave Hammons the mitigated sentence of 19 months. See K.S.A. 2021 Supp. 21-6804(a) (sentencing grid box 7-E). Hammons appeals.

ANALYSIS

Interpretation of a sentencing statute is a question of law subject to unlimited review. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020).

On appeal, Hammons claims that the trial court erred by denying his oral motion for dispositional departure from prison to probation. But Kansas appellate courts lack jurisdiction to review presumptive sentences under Kansas' sentencing guidelines. K.S.A. 2021 Supp. 21-6820(c)(1); *State v. Young*, 313 Kan. 724, 725, 490 P.3d 1183 (2021).

Hammons concedes in his motion for summary disposition that K.S.A. 2021 Supp. 21-6804(p) states that the sentence for a burglary conviction "shall be presumed imprisonment" when the defendant has any combination of two or more prior felony convictions of theft, burglary, or aggravated burglary. K.S.A. 2021 Supp. 21-6804(p) also states:  "The sentence under this subsection shall not be considered a departure and shall not be subject to appeal." The trial court followed K.S.A. 2021 Supp. 21-6804(p) by sentencing Hammons to prison. The trial court imposed the presumptive sentence for Hammons' burglary conviction, which this court lacks jurisdiction to review.

Appeal dismissed.

2