No. 86,138

STATE OF KANSAS, *Appellee*, v. JERRY D. BRAMLETT, *Appellant*.
(41 P.3d 796)

Opinion filed March 8, 2002.

*John M. Duma*, of Kansas City, argued the cause and was on the brief for appellant.

*Sheryl L. Lidtke*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case addresses Defendant Jerry D. Bramlett's claim that the imposition of consecutive sentences, each within its presumptive statutory range, violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Bramlett pled guilty to seven sex crimes. The district court ordered four of the seven sentences to run consecutively. Bramlett appealed. In an unpublished opinion filed August 3, 2001, the Court of Appeals dismissed the case on the basis that it had no jurisdiction to review a presumptive sentence. It also rejected Bramlett's argument that the sentence was unconstitutional under *Apprendi*.

We granted review to resolve this first impression issue. See K.S.A. 20-3018(b).

We find no *Apprendi* violation and thus affirm the Court of Appeals. Our appellate courts are without jurisdiction to review sentences that are within the presumptive range for the crime. K.S.A. 21-4721(c)(1).

## FACTS

At sentencing, the State moved for an upward durational departure, which the district court denied. Bramlett was sentenced as follows: 165 months for rape (count 35), 154 months for aggravated criminal sodomy (count 1), 123 months for each of three additional counts of aggravated criminal sodomy (counts 28, 36, and 37), 51 months for aggravated indecent liberties (count 4), and 34 months for sexual exploitation of a child (count 38). Each sentence represented the aggravated sentence within the presumptive statutory range. See K.S.A. 2001 Supp. 21-4704. The district court ordered counts 1, 4, 35, and 38 to run consecutively. In doing so, the court acknowledged that Bramlett's sentence would be statutorily capped at 330 months. See K.S.A. 2001 Supp. 21-4720(c)(3).

## DISCUSSION

In his petition for review, Bramlett raises the sole question of whether, under *Apprendi*, his constitutional rights were violated when the district court imposed consecutive sentences. He asserts that the grounds on which the district court relied for imposing consecutive sentences, failure to fully accept his responsibility, were the same factual grounds the court had rejected in denying the upward departure requested by the State. Bramlett expands his assertion to reach a conclusion that his consecutive sentences were imposed to bypass appellate review. He concludes: "To allow a sentencing court to circumvent the due process rights of a defendant to have a jury decide the facts when a sentence is increased by merely characterizing the sentences as consecutive sentences instead of an upward departure should be grounds for reversal."

Generally, sentences within the presumptive range are not reviewable. The imposition of consecutive sentences does not constitute a departure sentence subject to appeal. *State v. Flores*, 268 Kan. 657, 660, 999 P.2d 919 (2000). However, the issue of whether the imposition of consecutive sentences is unconstitutional under *Apprendi* involves a question of law over which we have unlimited review. See *State v. Crow*, 266 Kan. 690, 694, 974 P.2d 100 (1999).

K.S.A. 21-4608(a) provides that when separate sentences of imprisonment for different crimes are imposed on a defendant on the

same day, the sentences shall run concurrently or consecutively as the court directs. Whether a defendant receives concurrent or consecutive sentences in within the discretion of the sentencing court. *State v. Jamison,* 269 Kan. 564, 576, 7 P.3d 1204 (2000). In general, a defendant has no constitutional right to concurrent rather than consecutive sentences. *U.S. v. White,* 240 F.3d 127, 135 (2d Cir. 2001).

In *Apprendi,* the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

*Apprendi* does not address the question of consecutive sentences. The *Apprendi* court said:

"It is appropriate to begin by explaining why certain aspects of the case are not relevant to the narrow issue that we must resolve. First, the State has argued that even without the trial judge's finding of racial bias, the judge could have imposed consecutive sentences on counts 3 and 8 that would have produced the 12-year term of imprisonment that Apprendi received; Apprendi's actual sentence was thus within the range authorized by statute for the three offenses to which he pleaded guilty. . . . The constitutional question, however, is whether the 12-year sentence imposed on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. . . . *The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining 18 counts.*" (Emphasis added.) 530 U.S. at 474.

In *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001), a durational departure case, we addressed the application of *Apprendi* to Kansas statutory and case law. See K.S.A. 2001 Supp. 21-4716. There, we noted that the district court had imposed two 68-month sentences upon Gould, going beyond the maximum sentence in the applicable grid box for each. 271 Kan. at 413. Thus, *Apprendi* applied.

Here, unlike *Gould,* the district court imposed a presumptive sentence for each count within the applicable grid box. The highest level of felony for which Bramlett was convicted was rape, a level one felony. He received the maximum sentence in the applicable grid box (165 months). Bramlett contends that the district court erroneously increased his sentence for rape beyond 165 months by

imposing consecutive sentences for his other crimes. Bramlett's argument is not persuasive.

The district court did not exceed the maximum KSGA sentence for any individual count. Therefore, it cannot be said that, as to any individual count, the court's findings resulted in the imposition of a greater punishment than was authorized by the jury's verdict. See *Apprendi,* 530 US at 494.

The Court of Appeals' decision dismissing the appeal is affirmed. The district court is affirmed.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.