No. 102,221

STATE OF KANSAS, *Appellee*, v. STEVEN D. WILSON, *Appellant*.

(280 P.3d 784)

Opinion filed July 20, 2012.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*David Maslen*, assistant county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Steven Wilson appeals the sentence he received after pleading guilty to one count of off-grid aggravated indecent liberties.

Wilson challenges the district judge's doubling of his 25-year mandatory minimum prison sentence under Jessica's Law, K.S.A. 21-4643, because of his status as a persistent sex offender under K.S.A. 21-4704(j). In the alternative, he claims that he should be eligible for parole after 20 years rather than 25 years. He also argues that the district judge erred in sentencing him to lifetime postrelease supervision rather than lifetime parole.

The only one of Wilson's three appellate issues that necessitates extended discussion is the first. The second issue has already been decided adversely to Wilson, see *State v. Hyche*, 293 Kan. 602, 604, 265 P.3d 1172 (2011) (collecting cases), and Wilson has not persuaded us to revisit our previous ruling. The third issue has already been decided adversely to the State. See *State v. Cash*, 293 Kan. 326, Syl. ¶ 2, 263 P.3d 786 (2011) (inmate serving off-grid indeterminate life sentence can leave prison only if successor to Kansas Parole Board grants inmate parole; sentencing court has no authority to order postrelease supervision).

We now turn to Wilson's first issue.

Wilson was originally charged with two counts of aggravated indecent liberties and two counts of aggravated criminal sodomy, all off-grid Jessica's Law felonies. He agreed to plead no contest to one of the aggravated indecent liberties counts in exchange for the State's agreement to dismiss the remaining charges.

After entering his plea, Wilson moved for a departure from the 25-year mandatory minimum of Jessica's Law. See K.S.A. 21-4643(a), (d). The State filed a mirror-image motion, asking the district judge to double the mandatory minimum pursuant to the persistent sex offender statute, K.S.A. 21-4704(j), noting that Wilson had a 1985 felony conviction for aggravated indecent solicitation of a child.

The district judge denied Wilson's motion and granted the State's motion, effectively sentencing Wilson to a hard 50 life sentence rather than a hard 25.

On this appeal, Wilson does not dispute that his prior conviction would have qualified him for persistent sex offender sentencing under K.S.A. 21-4704(j), had he been facing a new grid sentence. But he argues that the persistent sex offender statute has no application to off-grid Jessica's Law crimes such as the one to which he pleaded guilty in this case.

This issue requires statutory interpretation, which raises a question of law we review de novo. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

K.S.A. 21-4704(j) provides in pertinent part:

"(j)(1) The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term."

"(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A) (i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A) (i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government . . . ."

Wilson correctly points out that K.S.A. 21-4704(j)(1) authorizes a district judge to double the "maximum duration of the presumptive imprisonment term."

A "presumptive imprisonment term" is the sentencing range provided in a grid block under the Kansas Sentencing Guidelines Act, see K.S.A. 21-4703(q), and not an indeterminate life sentence such as that imposed under Jessica's Law. See *State v. Ballard*, 289 Kan. 1000, 1007, 218 P.3d 432 (2009) (grid sentence after departure from mandatory minimum of Jessica's Law not a presumptive sentence because crime of conviction still off-grid); *State v. Ortega-Cadelan*, 287 Kan. 157, 163, 194 P.3d 1195 (2008) (hard 25 life sentence under Jessica's Law does not meet definition of presumptive sentence under K.S.A. 214703[q]); but see *State v. Jacobs*, 293 Kan. 465, 263 P.3d 790 (2011) (in context of rejecting appellate jurisdiction over consecutive combination of grid sentence and sentence arrived at after departure from Jessica's Law mandatory minimum, Jessica's Law sentence described as "presumptive").

Even if an indeterminate life term could be correctly described as "presumptive," its "maximum duration" is life, not any applicable mandatory minimum that must be served before the inmate becomes eligible for parole. Thus the persistent sex offender statute cannot apply to double the mandatory minimum of 25 years' imprisonment for an off-grid Jessica's Law offense.

The sentence imposed by the district judge is vacated, and the case is remanded to the district court for resentencing consistent with this opinion.