NOT DESIGNATED FOR PUBLICATION

No. 117,146

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN MENDHAM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed September 1, 2017. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before HILL, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Defendant Kevin R. Mendham challenges the sentencing decisions of the Douglas County District Court to deny him dispositional departures in two cases and to require him to serve the terms of incarceration consecutively. We have no jurisdiction to consider those complaints because Mendham received presumptive sentences that are unreviewable on direct appeal. We dismiss that part of the appeal. Mendham also says the district court improperly considered his criminal history because the fact of his past convictions had not been proved to a jury. The Kansas Supreme Court has consistently rejected that argument. We, therefore, affirm the district court in its determination of Mendham's criminal history.

1

In November 2016, the district court sentenced Mendham to 39 months in prison for violating the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., reflecting a standard guidelines punishment based on his criminal history. In that case, the district court also imposed concurrent sentences of 6 months in prison on Mendham's conviction for felony obstruction of a law enforcement officer in violation of K.S.A. 2016 Supp. 21-5904 and 6 months in jail for misdemeanor fleeing and eluding in violation of K.S.A. 2016 Supp. 8-1568. The felony sentence is a standard guidelines punishment, and the misdemeanor sentence falls within the statutorily prescribed range.

During the same hearing, the district court sentenced Mendham in a second case to 39 months in prison for a separate KORA violation and ordered that sentence to be served consecutive to the controlling sentence in the first case. The district court denied Mendham's request in each case for a dispositional departure to probation or a durational departure to a reduced term of incarceration. Mendham has appealed.

On appeal, Mendham contends the district court erred in denying him dispositional or durational departure sentences and in ordering him to serve the controlling sentences in the two cases consecutively. Mendham's contentions cannot be reviewed on appeal because he received presumptive sentences in the cases. By statute, presumptive sentences cannot be appealed. K.S.A. 2016 Supp. 21-6820(c)(1). Likewise, the denial of a defendant's motion for a dispositional or durational departure may not be reviewed on appeal if the district court imposes a presumptive guidelines sentence, as happened here. See *State v. Huerta*, 291 Kan. 831, 835-36, 247 P.3d 1043 (2011). A district court's decision to require a defendant to serve consecutive presumptive guidelines sentences in multiple cases does not change the presumptive character of the sentences. The defendant, therefore, cannot appeal that decision. *State v. Frecks*, 294 Kan. 738, 739, 280 P.3d 217 (2012); *State v. Bramlett*, 273 Kan. 67, 68-69, 41 P.3d 796 (2002). We do not have jurisdiction to consider those issues, so we dismiss that portion of Mendham's appeal.

For his second point on appeal, Mendham contends the district court improperly considered his criminal history in imposing sentence. He argues that the district court's use of his past convictions in determining an appropriate sentence impairs his constitutional rights because the fact of those convictions was not determined beyond a reasonable doubt by the jury. He relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. But Mendham acknowledges the Kansas Supreme Court has rejected that argument, holding the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, decline the invitation to rule otherwise, especially in light of the Kansas Supreme Court's continuing affirmation of *Ivory*. *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506 (2014).

Affirmed in part and dismissed in part.