NOT DESIGNATED FOR PUBLICATION

No. 123,913

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THADDEUS J. REVELL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed May 6, 2022.
Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.


Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.


PER CURIAM: Thaddeus J. Revell appeals the trial court's denial of a downward
durational departure at sentencing. After Revell's conviction for rape, the trial court
sentenced him to an off-grid, hard 25 indeterminate life sentence under Jessica's Law.
Because the trial court did not abuse its discretion in ordering the presumptive sentence,
we affirm.

1

## FACTS

Revell pleaded no contest to rape, in violation of K.S.A. 2018 Supp. 21-5503(a)(3), sexual intercourse with a child under the age of 14. The factual basis for the plea included that Revell, age 47, engaged in sexual intercourse with a relative, age 12, and a child was born as a result, confirmed by DNA testing. The trial court accepted Revell's no-contest plea and found him guilty of rape.

Revell moved for a durational departure sentence. Revell argued that mitigating circumstances constituted substantial and compelling reasons to justify a departure from life imprisonment. Revell cited the following factors: (1) his actions were not conducted in a violent manner; (2) by entering a plea, Revell saved the court the time and expense of trial and saved his juvenile victim the pain and embarrassment of publicly testifying against her relative about a sex crime and the resulting pregnancy; (3) drug use and mental illness impaired his judgment; (4) the crime was unlikely to reoccur; (5) Revell's background of physical and mental abuse from his birth parents and his adoptive parents called for leniency; (6) Revell had been employed for most of his adult life; (7) Revell's chronic back pain and hip deterioration would be aggravated by a prolonged prison sentence and an earlier release would relieve the Kansas Department of Corrections from the burden of his care; (8) Revell's criminal history score reflected only one prior conviction, failure to pay child support, a nonperson felony; and (9) Revell's untreated mental health and substance abuse issues were better addressed in a nonprison setting. The trial court denied the durational departure, sentenced Revell to life imprisonment, and ordered lifetime postrelease supervision.

Revell timely appeals.

ANALYSIS

Revell argues that the trial court abused its discretion by denying his motion for durational departure. The State argues that the trial court's decision was not arbitrary, fanciful, or unreasonable. Because the trial court did not abuse its discretion, we affirm.

The standard of appellate review of a departure sentence under the revised Kansas Sentencing Guidelines Act (KSGA) depends on the question raised. *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021). Under the KSGA, the appellate courts lack jurisdiction to consider challenges to the denial of motions for departure sentences because the courts lack jurisdiction to consider appeals from presumptive on-grid sentences. *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016). K.S.A. 2020 Supp. 21-6820 limits appellate review of departure sentences. But this statutory bar does not apply to appellate review of off-grid indeterminate sentences. See *State v. Wilson*, 294 Kan. 818, 820, 280 P.3d 784 (2012).

Sentencing under Jessica's Law, as set forth in K.S.A. 2020 Supp. 21-6627, generally provides for a life sentence with a mandatory minimum term of 25 years' imprisonment. The statute, however, expressly authorizes and provides a procedure for imposing a departure sentence from the mandatory minimum sentence. See K.S.A. 2020 Supp. 21-6627(d). If it is the offender's first Jessica's Law conviction, the trial court may depart from the mandatory minimum and impose a sentence under the KSGA if, "following a review of mitigating circumstances," the court finds substantial and compelling reasons to do so. K.S.A. 2020 Supp. 21-6627(d)(1); *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018).

When deciding a motion to depart in a Jessica's Law case, the trial court must first review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then the trial court determines, based on all the facts of the

case, whether the mitigating circumstances rise to the level of "'substantial and compelling reasons'" to depart from the mandatory minimum sentence. *Powell*, 308 Kan. at 913-14 (quoting *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 [2015]). The trial court must state on the record those substantial and compelling reasons. *Jolly*, 301 Kan. at 324; see also *State v. McCormick*, 305 Kan. 43, 50-51, 378 P.3d 543 (2016) (reversing sentence when appellate court was not "wholly confident" that the statutory principles outlined in *Jolly* were followed). The trial court need not affirmatively articulate that it refrained from weighing the circumstances. *Powell*, 308 Kan. at 908.

An appellate court reviews the determination of whether substantial and compelling reasons to depart exist in a Jessica's Law case for abuse of discretion. *Powell*, 308 Kan. at 902 (citing *Jolly*, 301 Kan. at 325).

An appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless the court abused its discretion in holding there was no substantial and compelling reason to depart. *Powell*, 308 Kan. at 902.

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

If something other than a life sentence is imposed, the sentencing court must state the substantial and compelling reasons for departure and must depart to the applicable KSGA grid box. Once the sentence becomes a KSGA sentence, the court is free to depart from the sentencing grid. But departure findings must justify both steps. *State v.*

4

*Gilliland*, 294 Kan. 519, 551, 276 P.3d 165 (2012). Dispositional departures for any crimes for extreme sexual violence as defined in K.S.A. 2020 Supp. 21-6815(c)(2)(F) are prohibited; any durational departure sentence for such crime cannot be less than 50 percent of the center range of the sentence for such crime. See K.S.A. 2020 Supp. 21-6818(a).

If any of the factors articulated by the sentencing court would justify the departure, the decision will be upheld on appeal. A departure may be justified by the collective factors even if no one factor, standing alone, would justify a departure. *State v. Bird*, 298 Kan. 393, 398, 312 P.3d 1265 (2013). A single mitigating factor alone can constitute a substantial and compelling reason for departure under Jessica's Law. *Jolly*, 301 Kan. at 327. Mitigating factors that justify departure in one case may not justify one in all cases. *State v. Randle*, 311 Kan. 468, 482, 462 P.3d 624 (2020).

A sentencing court need not make findings or state its reasons when denying a departure request for a crime within the guidelines grid. *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014) (denial of departure in Jessica's Law case). Nor is the court required to make specific findings to support imposition of a presumptive guidelines sentence within the proper grid box. *State v. Huerta*, 291 Kan. 831, 835-36, 247 P.3d 1043 (2011).

The trial court reviewed Revell's motion for departure and heard from defense counsel and from Revell himself at sentencing. The trial court held that Revell failed to show substantial and compelling reasons justifying a departure. On appeal, Revell does not argue legal or factual error, leaving only the possibility that the trial court abused its discretion because its ruling was arbitrary, fanciful, or unreasonable. Revell's argument, in its entirety, is as follows: "The district court abused its discretion in denying a durational departure sentence. The circumstances cited by Mr. Revell, as a whole, provided substantial and compelling reasons to justify a departure from a life prison sentence." Revell's conclusory argument is unpersuasive. Furthermore, if Revell had

presented substantial and compelling reasons to depart from the presumptive sentence, the permissive language of K.S.A. 2020 Supp. 21-6627(d) allows but does not require the trial court to depart from a life sentence. The trial court did not abuse its discretion by imposing the presumptive sentence under K.S.A. 2018 Supp. 21-6627(a)(1) of imprisonment for life with a mandatory minimum of 25 years in prison.

Revell also argues that the trial court erred by ordering postrelease supervision instead of parole on an indeterminate life sentence. The State agrees that the trial court erred. The State filed a notice that the trial court has already corrected the error by nunc pro tunc judgment, but this judgment has not been added to the record on appeal. Appellate courts may vacate the improper imposition of lifetime postrelease supervision, allowing the trial court to correct the judgment without the need for further proceedings. *State v. Becker*, 311 Kan. 176, 191, 459 P.3d 173 (2020). The trial court's nunc pro tunc judgment becomes effective when entered.

For the preceding reasons, we affirm.