NOT DESIGNATED FOR PUBLICATION

No. 128,071

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN L. YATES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; KEITH L. COLLETT, judge. Submitted without oral argument. Opinion filed February 13, 2026. Sentence vacated in part and case remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., HILL and ATCHESON, JJ.

HILL, J.: This court corrects legal errors when we discover them. In this multiple-conviction prosecution, both parties agree that the sentencing court improperly applied John L. Yates' criminal history score to a conviction for a crime that was not the primary offense of the prosecution—a procedure that violates the controlling statute. Due to the length of the several consecutive sentences Yates received, correcting this sentencing error will apparently have no practical effect on the length of time Yates spends in prison.

We choose to correct the error. Choosing to ignore statutory violations is not a practice we should adopt. Criminal sentences must faithfully follow the law. Breaking the

1

law while applying the law to a law-breaker mocks justice and simply promotes disrespect for the law.

*The rules we follow are clear.*

Most criminal sentences in Kansas are determined by two factors: the severity level of the crime and the criminal conviction history of the criminal.

In a single prosecution—when an accused has been charged in a single complaint, information, or indictment—and that accused has been convicted of several crimes in that prosecution, a sentencing court must apply the accused's criminal history score only to the primary crime of conviction—the crime with the highest severity level. See K.S.A. 2001 Supp. 21-4720(b)(2).

After that application, sentences for all other convictions in that prosecution are then determined without using the criminal history score. Instead, the sentencing court simply uses the criminal history column marked "I" on the sentencing grid line for that crime's severity level. See K.S.A. 2001 Supp. 21-4720(b)(5).

*This case comes to us on the denial of a motion to correct an illegal sentence.*

The terrible facts of Yates' crimes are fully set forth in his direct appeal, *State v. Yates*, No. 89,938, 2004 WL 795906, at *1 (Kan. App. 2004) (unpublished opinion). They have no bearing on this appeal because we must deal solely with how Yates was sentenced. But we list the following to provide a context.

In 2002, Yates and two others carjacked a vehicle, during which the driver of the vehicle was severely injured. A jury convicted Yates of several serious felonies: attempted first-degree murder; aggravated kidnapping; conspiracy to commit first-degree murder;

aggravated robbery; arson; conspiracy to commit aggravated robbery; and conspiracy to commit aggravated kidnapping.

*The double rule was used in Yates' sentence.*

This list shows the prison sentence for each conviction. All sentences were to be consecutively served:

1. Attempted first-degree murder, 253 months;
2. Aggravated kidnapping, 255 months;
3. Conspiracy to commit first-degree murder, 117 months;
4. Aggravated robbery, 59 months;
5. Conspiracy to commit aggravated kidnapping, 59 months;
6. Conspiracy to commit aggravated robbery, 32 months; and
7. Arson, 12 months.

Adding all those together equals 787 months in prison.

Even though the district court ordered Yates to serve all sentences consecutively, it limited his total incarceration to 506 months because of the statutory "double rule" that controlled when these crimes were committed. According to K.S.A. 2001 Supp. 21-4720(b)(4), the "total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence."

From the bench at sentencing and later in the journal entry of judgment, the district court noted the effect of the "double rule" and how Yates' sentence could not exceed 253 months doubled, or 506 months.

In Yates' direct appeal, the panel reversed two convictions: one for conspiracy to commit aggravated kidnapping and one for conspiracy to commit aggravated robbery. The panel also vacated the sentences for those convictions. 2004 WL 795906, at *1. The case returned to the district court where the court simply vacated those two overturned sentences, which lowered the total number of prison months to 696. But Yates was never returned to the district court for resentencing because, in the district court's view, the vacated sentences had no effect on his overall sentence of 506 months—the doubled base limit.

Yates later moved to correct an illegal sentence according to K.S.A. 22-3504(a), which allows such a motion to be filed "at any time while the defendant is serving such sentence." He claimed the sentencing court erred in applying his criminal history score to his aggravated kidnapping sentence. In Yates' view, this was erroneous because it was not his primary crime of conviction. Indeed, the primary crime of conviction for this prosecution was set by the court as attempted first-degree murder.

The State admits there is a sentencing error here but simply suggests, Where's the harm? After all, even if the sentence is corrected to 155 months, the correction does not affect the number of days Yates has to serve because of the order for consecutive sentences for these serious crimes and the application of the double rule.

There is a problem. The record reveals that, at sentencing, the district court orally pronounced Yates' sentence for the aggravated kidnapping conviction as 255 months' imprisonment, but the journal entry of judgment stated his sentence as 155 months' imprisonment. The district court's orally pronounced sentence controls. *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019).

Simply put, the district court erred because it used Yates' criminal history score when it computed his sentence for a nonprimary crime. The correct sentence and the

4

sentence actually reflected in the journal entry of judgment for the aggravated kidnapping conviction is 155 months' imprisonment, which is within the 1-I grid box. See K.S.A. 2002 Supp. 21-4704. But Yates' aggravated kidnapping sentence cannot now be corrected through a nunc pro tunc order because the district court lost jurisdiction to do so after pronouncing the sentence from the bench. As we noted above, the sentence announced from the bench controls rather than the journal entry. *Edwards*, 309 Kan. at 835. Thus, Yates' sentence is illegal because it does not conform to the applicable statutory provisions. See K.S.A. 22-3504(c)(1).

We realize that another panel of this court ruled it was harmless error when a district court applied Kevin Loggins' criminal history score to some of his nonbase offenses because the court ordered concurrent sentences for those offenses. *State v. Loggins*, No. 90,171, 2004 WL 1086970, at *3 (Kan. App. 2004) (unpublished opinion). The panel found that the sentencing court erred, but the error was harmless because the sentence remained intact. 2004 WL 1086970, at *4.

We are not bound by the holding in *Loggins*, especially given that those sentences were ordered to be served concurrently. See *State v. Dunham*, 58 Kan. App. 2d 519, 527, 472 P.3d 604 (2020). Here, the sentences show serious spans of incarceration for serious crimes—all to be served consecutively. When the State locks up men and women as punishment, the sentences sending them to prison should be accurate.

*Yates' claim of an* Apprendi *violation is inapt.*

Yates also argues that the sentencing court considered aggravating factors when it imposed consecutive sentences and that procedure violated his rights under the doctrine established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—such factors must be determined by the jury and not the court. Yates contends that the judge was actually finding aggravating factors—he mentioned the excessive

5

brutality of the crime, the fact that a weapon was used during the crime, and the fact that a person was injured during the crime—when he ordered Yates' sentences to be served consecutively.

The State argues that the district court simply explained its reasoning why it was imposing consecutive sentences and did not consider aggravating factors. We are persuaded that the State is correct.

Our Supreme Court has settled this question. In *State v. Bramlett*, 273 Kan. 67, Syl., 41 P.3d 796 (2002), the court ruled: "The imposition of consecutive sentences, each within its presumptive statutory range, does not violate a defendant's constitutional rights under *Apprendi* . . . ." We hold that *Bramlett* controls here. We see no *Apprendi* violation here where the district court merely explained why it was imposing consecutive sentences.

Finally, on this claim, we agree with the State that a motion to correct an illegal sentence cannot be used for a constitutional challenge. See *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016).

We vacate the district court's announced sentence of 255 months' incarceration for Yates' aggravated kidnapping conviction. We remand this case for resentencing.

Sentence vacated in part and case remanded with directions.